In the Matter of the Accounting of GUARANTY TRUST COMPANY OF NEW YORK, as Trustee, and JEANNE E. KERBS et al., as Executors of ALICE H. KERBS, Deceased Trustee, under the Will of EDWARD A. KERBS, Deceased.

Surrogate's Court, New York County, May 19, 1954.

*Robert E. Samuels* and *I. Meyer Pincus* for trustee and for executors of deceased trustee, petitioners.

*Sidney R. Pine* for John S. Kerbs and others, respondents.

*De Forest, Elder & Mulreany* for Keith McHugh, as President of Community Service Society of New York, respondent.

*Nathaniel L. Goldstein, Attorney-General (Julius Greenfield* of counsel), in his statutory capacity under section 12 of the Personal Property Law and section 113 of the Real Property Law, respondent.

*Alexander Bicks,* special guardian for Maria C. Kerbs and others, infants, respondents.

FRANKENTHALER, S. The court held in a prior decision in this proceeding that testator's will required by necessary implication that the principal of the trust created for the benefit of his widow be added on her death to the trust created for the benefit of his daughter (N. Y. L. J., April 5, 1954, p. 10, col. 4). A supplemental question now is raised as to the applicability to the augmented trust fund of a provision of the will entitling the daughter to payments from trust principal.

Testator's will provided that in the event his wife predeceased him the entire residuary estate be held in separate trusts for the benefit of his children but, if his wife survived him, one third of his residuary estate be held in trust for the benefit of his wife and the remaining two thirds of the residuary estate be held in separate trusts for the benefit of his children. His will directed that each child be paid income " until the marriage or arrival at the age of twenty-one years of each child, whichever shall first occur, when there shall be paid to it out of the principal of its said separate share fifteen per centum thereof. The income of the balance of said share to be paid to each child until it arrives at the age of twenty-five years, when an additional ten per centum of the principal of its separate share shall be paid over to each child.''

Testator's daughter, as his sole surviving child, became the beneficiary of a trust of two thirds of the residuary estate. Pursuant to the will provisions above-quoted, percentages of the amount of principal set aside in the daughter's trust were paid to her many years before her mother's death. The daughter asserts that she now is entitled to consecutive payments of 15% and 10% of the fund formerly held in trust for the widow that now will be added to and become a part of the daughter's trust principal.

Had testator's wife failed to survive him the entire residuary estate would have been placed in trust for his daughter and upon her attainment of the ages of twenty-one years and twenty-five years she would have been entitled at such times to percentages of the entire residuary fund. That direction is stated clearly in the will. The court has found in the will the further intention upon the circumstances of survivorship here present that the entire residuary estate be held in trust for testator's daughter following his wife's death. Nothing in the will indicates a testamentary intention to deprive the daughter of principal payments, computed upon the entire residuary fund, because the intervention of the widow's life interest delayed the arrival of the entire fund in the daughter's trust.

Testator's employment of the expression '' separate share '' in the text above-quoted does not display an intention to restrict principal payments to percentages of the fund initially set aside for the daughter. It is plain that the expression was intended to distinguish between the separate trusts for children in the event testator was survived by more than one child. In the existing circumstance, where only one child survives, the expression '' separate share '' has no significance. Testator's controlling intent was one to provide his child, or children, with stated portions of his residuary estate when and if such child, or children, reached stated stages of maturity.

Testator's daughter is entitled to 15% of the value of the fund in question plus 10% of the balance remaining in the fund after such 15% payment or, in other words, she is entitled to 23½% of the fund now payable into her trust.

Submit decree on notice, construing the will and settling the account.